No. 74,183

In the Matter of CHARLES M. TULEY, *Respondent*.

(907 P.2d 844)

Opinion filed December 8, 1995.

*Stanton A. Hazlett*, deputy disciplinary administrator, argued the cause, and *Marty M. Snyder*, deputy disciplinary administrator, and *Mark F. Anderson*, disciplinary administrator, were with him on the formal complaint for the petitioner.

*John J. Ambrosio*, of John J. Ambrosio, Chartered, of Topeka, argued the cause for the respondent, and *Charles M. Tuley*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Charles M. Tuley, of Atchison, an attorney admitted to the practice of law in Kansas. A hearing was held before a panel of the Kansas Board for Discipline of Attorneys. The respondent appeared in person and was represented by his attorney, John J. Ambrosio. The parties stipulated to the admission of all exhibits, stipulated that the respondent was in violation of the allegations as contained in the formal complaint, and further stipulated that the respondent was in violation of MRPC 1.5 (1994 Kan. Ct. R. Annot. 306) in that his fee charged to a client was unreasonable. The panel entered the following findings and conclusions.

Findings:

"That the respondent, an Attorney at Law, in Atchison, Kansas, with 22 years of practice was retained by Stephen Mauzey in 1993 to represent the estate of his mother, Helen I. Mauzey, in all matters relating to the estate. The parties did not discuss or agree as to a fee to be paid to the respondent by the estate for his services.

"An inventory and valuation was filed by the respondent in the Mauzey estate in May of 1993, which showed a valuation in the estate of $1,177,361. The respondent then obtained by petitions signed by Stephen Mauzey and by order of the District Court of Atchison County, Kansas, temporary fees for his services in the estate in the sum of $97,500.

"That in April of 1994, the respondent sent Mr. Mauzey a bill for an additional $18,950 for his services as attorney for the estate.

"Mr. Mauzey then went to Robert Fairchild, Attorney at Law, Leavenworth, Kansas, whose opinion was that the fees as charged by the respondent were excessive, and that the respondent's fee in this estate matter was equal to approximately eight percent of the gross assets valuation of the estate or if respondent had spent 150 hours working on the estate his billing fee would have ranged in the neighborhood of $650 per hour.

"That thereafter the respondent did agree through the office of Mr. Robert Fairchild to renegotiate his fee for the estate and by agreement the respondent and Mr. Mauzey have agreed that the respondent will repay to the estate the sum of $53,788, which will be repaid to the estate over a time basis as shown by Exhibits "L" & "M." That at the present time the panel was informed that respondent has honored this repayment agreement and has made the monthly payments as contained in said agreement."

## Conclusions:

"Due to the fact the parties are in agreement and also stipulate, and further by reason of said stipulation of facts and exhibits, this panel concludes by clear and convincing evidence that the respondent has violated the following:

"MRPC 1.5 in that the respondent has charged a fee in the Mauzey estate that was more than reasonable and is in violation of MRPC 1.5"

The panel report included the following concerning aggravation, mitigation, and recommendations.

## Aggravation:

"1. The panel finds that respondent charged a greatly excessive fee in this matter and that it disclosed a selfish or greedy motive on the part of the respondent.

"2. The panel was informed that the respondent practiced law in Kansas for approximately 20 years and has had substantial experience in the practice of law.

## Mitigation:

"1. There is complete absence of any prior disciplinary record against the respondent.

"2. Panel finds that the respondent has fully cooperated during the investigation of this matter and during the hearing.

"3. The panel finds that respondent has agreed that he made a mistake in charging excess fees in this matter.

"4. The respondent's exhibits are letters showing the respondent's good character and reputation in his community and in the practice of law.

"5. The panel finds that the respondent has showed remorse for his actions in this case."

### Recommendations:

"The panel is mystified as to why the respondent charged the excessive and unreasonable fees in the estate of Helen I. Mauzey.

"The respondent acknowledged that he was aware of the usual estate fees that were allowed by the Judge of the District Court in Atchison County, Kansas, for attorney services in estates, and respondent acknowledged that normally an attorney was allowed a fee of five percent on the probated property and two percent on the joint tenancy property by the Atchison County District Court.

"Respondent acknowledged that he had handled a number of estate proceedings during his legal career and had handled estates with the inventory value or greater than that shown in the Mauzey estate.

"Respondent did state to the panel that the motive behind the excessive fee was because he had spent a lot of time on the handling of the affairs of the Mauzey estate, but when questioned respondent admitted that he had no idea of the time he had spent during the affairs of this estate.

"On the other hand, the panel is mystified as to why this occurred because it seems to be greatly inconsistent with any other prior or after activities of the respondent in his practice of law. His practice of law seems to be outstanding as acknowledged by the letters of support for the respondent as received by the panel.

"As stated, there is no record whatsoever of any other complaints ever being filed against this respondent with the Disciplinary Administrator's office.

"On the other hand, the panel was shocked by what it considered to be a very excessive and unreasonable fee as charged and collected by the respondent in the estate matter.

"It is therefore the recommendation of this panel that the respondent be publicly censured by the Supreme Court of the state of Kansas. That there further be placed upon the respondent a condition that if the respondent fails to make payment or restitution of the excessive fee to his client in accordance with the agreement as shown by Exhibits "L" and "M," then if this occurs that the Supreme Court order the respondent to appear before the Court to explain why payment has not been made as agreed upon."

Panel member Philip Ridenour submitted a dissenting report. Ridenour concluded, based upon the stipulated facts, that the respondent's fees were not only excessive but also amounted to theft. Based upon this conclusion, Ridenhour recommended that the respondent be disbarred from the practice of law. Ridenour also noted that the work performed by the respondent had no value to the estate. He noted that the respondent had incorrectly listed the legal descriptions of parcels of real estate in the inventory and valuation, thereby assuring future title problems. Moreover, the

respondent had incorrectly handled the state death tax credit in preparing the Kansas inheritance tax return and had elected a special use value treatment when it should have been obvious that the estate could not possibly qualify. Finally, Ridenour concluded that the respondent was more concerned with his fee than with representation of his client and that his expressed remorse was for himself rather than his client.

We have reviewed the record, the majority and minority panel reports, the stipulations of the parties, and the arguments and statements made during oral argument. We conclude that the panel's factual findings and conclusions of law are supported by clear and convincing evidence. The respondent's fee in the Mauzey estate was in violation of MRPC 1.5. We, like the majority of the panel, are mystified why the respondent charged such an excessive and unreasonable fee in the estate of Helen I. Mauzey. The court agrees with the majority panel report that the respondent charged his client an excessive and unreasonable fee in violation of MRPC 1.5. The court also recognizes that the respondent has entered into an agreement to repay the Mauzey estate the sum of $53,788 over a period of time. However, the court remains divided on an appropriate sanction. A majority of this court, recognizing the agreement to repay, agrees with the recommendation that censure be imposed and that the court direct publication of this censure. A minority would impose a more severe sanction.

IT IS THEREFORE ORDERED that the respondent, Charles M. Tuley, be censured for violating MRPC 1.5 and that this order be published in the official Kansas Reports.

IT IS FURTHER ORDERED that the respondent abide by the terms of his agreement to refund that portion of the fee agreed upon to the client. The costs of the proceeding are assessed to the respondent.